UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT


MARK CHRISTIANS,       )
       )
    Appellant,      )          26-1168
       )
v.       )
       )
DARRIN YOUNG, in his individual   )
capacity; DAN SULLIVAN, in his   )
official capacity; TROY PONTO,   )   MOTION TO STRIKE AND REPLY TO
Deputy Warden SDSP, individual  )   OPPOSITION TO MOTION TO DISMISS
and official capacity; JESSICA   )
COOK, Associate Warden   )
SDSP/Jameson, individual and   )
official capacity; BRENT FLUKE,   )
Warden MDSP, individual and   )
official capacity; REBECCA   )
SCHIEFFER, Associate Warden   )
MDSP, individual and official   )
capacity; ALEX REYES, Associate  )
Warden MDSP, individual and   )
official capacity; CODY HANSON,  )
Unit Manager Jameson, individual  )
and official capacity; SETH   )
HUGHES, Unit Manager Jameson,  )
individual and official capacity;  )
NANCY CHRISTENSEN, Unit   )
Manager MDSP, individual and   )
official capacity; DEREK EKEREN,  )
Unit Coordinator Jameson,   )
individual and official capacity;  )
DEB EILERS, Unit Coordinator   )
MDSP, individual and official   )
capacity; LAURIE STRATMAN,   )
Unit Coordinator MDSP, individual  )
and official capacity; JULIE   )
STEVENS, Case Manager MDSP,   )
individual and official capacity;  )
CRAIG MOUSEL, Property Officer,  )
SDSP, individual and official   )
capacity; MIKE LEIDHOLT,   )
individual capacity; KELLIE   )
       )

WASKO, official capacity; )
PECHOUS, Unit Coordinator, )
individual and official capacity; )
GENIE BIRCH, Program Manager, )
individual and official capacity; )
GREASMAN, Correctional Officer, )
individual and official capacity; )
DAWN ALUMBAUGH, Correctional )
Officer, individual and official )
capacity; MARJAMA, Correctional )
Officer, individual and official )
capacity; WINTERS, Correctional )
Officer, individual and official )
capacity; PADILLA, Correctional )
Officer, individual and official )
capacity; MULLINS, Correctional )
Officer, individual and official )
capacity; HULSCHER, Correctional )
Officer, individual and official )
capacity; DREISKE, Former Deputy )
Warden, individual capacity; )
BECKER, Lieutenant, individual )
and official capacity; HETTIG, )
Lieutenant, individual and official )
capacity; SORENSON, Lieutenant, )
individual and official capacity; )
PERRET, Lieutenant, individual )
and official capacity, Lt. Maddox, )
Lieutenant MDSP, individual and )
official capacity; Nyreen, Unit )
Coordinator Jameson, individual )
and official capacity; Unnamed )
Unit Coordinator, Jameson, )
individual and official capacity; )
Sharon Reimann, Mailroom )
Officer/SDSP, individual and )
official capacity; Dr. Mary )
Carpenter, Medical Director for )
Correction Health, individual and )
official capacity; Dr. Sultana, )
SDDOC Provider, individual and )
official capacity; Amber Gitchel, )
Medical Scheduling, individual and )
official capacity; Rachel Depree, )
Medical Supervisor, individual and )
official capacity; Dr. Karissa )

Zimmer, SDDOC Provider, )
individual and official capacity; )
Denny Kaemingk, South Dakota )
Secretary of Corrections, individual )
and official capacity; Doug Clark, )
Acting Warden, SDDOC Prisons, in )
his official capacity only; )
Barnetche, Correctional Officer )
SDDOC, individual and official )
capacity )
 )
      Appellees. )

COME NOW, the above-named Defendants, by and through their undersigned counsel, Amanda Miiller, Deputy Attorney General, and hereby respectfully requests the Court to enter an Order 1) striking Appellant's Opposition to Motion to Dismiss as untimely; 2) dismissing Appellant's appeal for failure to file a timely brief; and 3) amending the briefing scheduling order for Appellee's cross-appeal.

The Court entered an Appeal Briefing Scheduling Order in this matter on February 17, 2026. Christians' initial appellate brief was due on April 8, 2026. Christians filed a Motion to Extend Time on February 25, 2026. However, because he also filed a Motion to Reconsider in the district court, the Motion to Extend Time was denied because the appeal was held in abeyance until the district court matter resolved.

On March 10, 2026, after the district court matter had resolved, this Court entered a Cross Appeal Briefing Schedule. Christians' initial appellate brief was due on April 29, 2026. While Christians filed motions to file an overlength brief and a motion to appoint counsel, he did not file another motion to extend time.

As it pertains to counsel, he informed this Court in a filing dated April 17, 2026, that he was also representing Christians, pro bono, in this matter. Affidavit of Miiller, Exhibit 1. Accordingly, counsel knew this matter was pending as early as April 17, 2026, but failed to file a motion to extend the briefing time. Instead, counsel filed a Notice of Appearance on May 5, 2026. The next day, on May 6, 2026, Appellees filed their Motion to Dismiss. Appellant did not respond. On June 11, 2026, this Court ordered Appellant to respond to the Motion to Dismiss by June 22, 2026. Appellant filed a response on June 24, 2026. Appellant did not seek leave of Court to file the untimely response. To that extent, Appellees respectfully request this Court to strike Appellant's response.

If the Court were to consider Appellant's untimely response, Appellees maintain that Appellant failed to show good cause for default in filing a brief and for an extension of time. Federal Rule of Appellate Procedure 26(b) provides, in pertinent part, "[f]or good cause, the court may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires." Fed. R. App. P. 26(b).

This Court has had occasion to review the good cause standard in other contexts. "A showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996) (citing *Lujano v. Omaha Public Power Dist.*, 30 F.3d 1032, 1035 (8th Cir.1994)). While there is not a precise test to determine whether good cause exists, it is clearly a

more exacting standard than mere excusable neglect because good cause "requires more than excusable neglect." *Colasante v. Wells Fargo Corp.*, 211 F.R.D. 555, 560 (S.D. Iowa 2002), *aff'd sub nom. Colasante v. Wells Fargo Corp.*, 81 F. App'x 611 (8th Cir. 2003)).

Here, Appellant hasn't met the requirement for excusable neglect, let alone the more stringent standard of good cause. Appellant's proffered response for failing to file a timely a brief is that "[c]ounsel has a press of other litigation matters that did not allow him to immediately begin drafting Christians' opening brief." However, courts have regularly held that professional obligations within the office do not constitute excusable neglect. *See, e.g., Christoffel v. United States*, 190 F.2d 585, 589 (D.C. Cir. 1950) ("That an attorney has other matters in his office which require his attention does not constitute excuse for neglect of attention to any one matter."); *Citizens' Protective League v. Clark*, 178 F.2d 703, 704 (D.C. Cir. 1949) (same)).

Moreover, while there is not a test to determine good cause, there is one for excusable neglect, which Appellant cannot meet either. "With regard to determining whether a party's neglect of a deadline is excusable, the Supreme Court has held that 'the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Gibbons v. United States*, 317 F.3d 852, 854 (8th Cir. 2003). The relevant circumstances include "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the

delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

As to the first inquiry, Appellees are greatly prejudiced. The district court entered a monetary judgment against Appellees and, if unsuccessful on cross-appeal, that judgment has continued to grow due to post-judgment interest over the time in which Appellant has been in default. Regarding the length of delay, this case has languished for nearly four months since the Court entered its briefing scheduling order. This Court has held that far less time was inexcusable. *See e.g. Gibbons*, 317 F.3d at 855 (8th Cir. 2003) ("[I]t demonstrates a marked indifference to a pending matter for more than two months despite obvious points where earlier missteps might have been mitigated."). Next is the reason for delay, which this Court has determined is the most "critical to the inquiry[,]" and it is well settled that professional obligations within the office do not constitute excusable neglect. *See supra.* Finally, as to good faith, while Appellees do not doubt the well-meaning motives of Appellant, it is inexplicable that Appellant informed this Court of his representation on this matter as early as April 17, 2026, and has yet to file a brief or a proper motion to extend time in the months that have passed.

Appellant had an opportunity to cure his default when he entered his appearance on May 5, 2026, but chose not to. Appellant had another opportunity to cure default on May 6, 2026, when Appellees filed their motion to dismiss, but chose not to. Appellant had another opportunity to cure default when this Court ordered him to respond on June 11, 2026, but chose

not to.  Instead, Appellant filed an untimely response on June 24, 2026, asking for more time.[1]  The same applies to Christians.  Although he is pro se, he has demonstrated an understanding of the need for timely filing in that he previously filed a motion to extend time in this very same appeal.  Despite this, neither Christians nor counsel took any efforts to cure the default.

Dated this 30th day of June, 2026.

/s/ Amanda Miiller
Amanda Miiller
Deputy Attorney General
1302 East SD Highway 1889, Suite 1
Pierre, South Dakota 57501-8501
Telephone: (605) 773-3215
Amanda.Miiller@state.sd.us

CERTIFICATE OF COMPLIANCE

1.  I certify that this document contains 1,777 words.

2.  I certify that the word processing software used to prepare this document is Microsoft Word 365, and it is herewith submitted in PDF format.

3.  I certify that this document has been scanned for viruses and that the document is, to the best of my knowledge and belief, virus free.

/s/ Amanda Miiller
Amanda Miiller
Deputy Attorney General

---

1.  Appellant does not assert that he failed to act because the Court had not yet appointed him until June 11, 2026.  If the Court were to presume this, Appellees submit it is not a valid argument.  Counsel informed the Court of his representation on April 17, 2026.  Counsel filed a Notice of Appearance on May 5, 2026.  The Court has no duty to approve or appoint counsel that previously filed an appearance on behalf of their client.

CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2026, I electronically filed the Motion to Strike and Reply to Opposition to Motion to Dismiss with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.

*/s/ Amanda Miiller*

Amanda Miiller
Deputy Attorney General