UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | | |
|---|---|---|
| MARK CHRISTIANS, | ) | |
| | ) | Appeal Nos. |
| Appellant, | ) | 26-1168 |
| | ) | 26-1343 |
| v. | ) | |
| | ) | |
| DARRIN YOUNG, in his individual | ) | |
| capacity; DAN SULLIVAN, in his | ) | |
| official capacity; TROY PONTO, | ) | |
| Deputy Warden SDSP, individual | ) | MOTION FOR LEAVE TO FILE |
| and official capacity; JESSICA | ) | UNTIMELY MOTION TO STRIKE AND |
| COOK, Associate Warden | ) | REPLY TO OPPOSITION TO MOTION TO |
| SDSP/Jameson, individual and | ) | DISMISS |
| official capacity; BRENT FLUKE, | ) | |
| Warden MDSP, individual and | ) | |
| official capacity; REBECCA | ) | |
| SCHIEFFER, Associate Warden | ) | |
| MDSP, individual and official | ) | |
| capacity; ALEX REYES, Associate | ) | |
| Warden MDSP, individual and | ) | |
| official capacity; CODY HANSON, | ) | |
| Unit Manager Jameson, individual | ) | |
| and official capacity; SETH | ) | |
| HUGHES, Unit Manager Jameson, | ) | |
| individual and official capacity; | ) | |
| NANCY CHRISTENSEN, Unit | ) | |
| Manager MDSP, individual and | ) | |
| official capacity; DEREK EKEREN, | ) | |
| Unit Coordinator Jameson, | ) | |
| individual and official capacity; | ) | |
| DEB EILERS, Unit Coordinator | ) | |
| MDSP, individual and official | ) | |
| capacity; LAURIE STRATMAN, | ) | |
| Unit Coordinator MDSP, individual | ) | |
| and official capacity; JULIE | ) | |
| STEVENS, Case Manager MDSP, | ) | |
| individual and official capacity; | ) | |
| CRAIG MOUSEL, Property Officer, | ) | |
| SDSP, individual and official | ) | |
| capacity; MIKE LEIDHOLT, | ) | |
| individual capacity; KELLIE | ) | |
| | ) | |

1

WASKO, official capacity; )
PECHOUS, Unit Coordinator, )
individual and official capacity; )
GENIE BIRCH, Program Manager, )
individual and official capacity; )
GREASMAN, Correctional Officer, )
individual and official capacity; )
DAWN ALUMBAUGH, Correctional )
Officer, individual and official )
capacity; MARJAMA, Correctional )
Officer, individual and official )
capacity; WINTERS, Correctional )
Officer, individual and official )
capacity; PADILLA, Correctional )
Officer, individual and official )
capacity; MULLINS, Correctional )
Officer, individual and official )
capacity; HULSCHER, Correctional )
Officer, individual and official )
capacity; DREISKE, Former Deputy )
Warden, individual capacity; )
BECKER, Lieutenant, individual )
and official capacity; HETTIG, )
Lieutenant, individual and official )
capacity; SORENSON, Lieutenant, )
individual and official capacity; )
PERRET, Lieutenant, individual )
and official capacity, Lt. Maddox, )
Lieutenant MDSP, individual and )
official capacity; Nyreen, Unit )
Coordinator Jameson, individual )
and official capacity; Unnamed )
Unit Coordinator, Jameson, )
individual and official capacity; )
Sharon Reimann, Mailroom )
Officer/SDSP, individual and )
official capacity; Dr. Mary )
Carpenter, Medical Director for )
Correction Health, individual and )
official capacity; Dr. Sultana, )
SDDOC Provider, individual and )
official capacity; Amber Gitchel, )
Medical Scheduling, individual and )
official capacity; Rachel Depree, )
Medical Supervisor, individual and )
official capacity; Dr. Karissa )

2

Appellate Case: 26-1168     Page: 2     Date Filed: 07/14/2026 Entry ID: 5660853

Zimmer, SDDOC Provider, individual and official capacity; Denny Kaemingk, South Dakota Secretary of Corrections, individual and official capacity; Doug Clark, Acting Warden, SDDOC Prisons, in his official capacity only; Barnetche, Correctional Officer SDDOC, individual and official capacity )

       Appellees.

COME NOW, the above-named Defendants, by and through their undersigned counsel, Amanda Miiller, Deputy Attorney General, and hereby respectfully requests the Court to permit untimely filing of the Appellees'/Cross Appellants' Motion to Strike and Reply to Opposition to Motion to Dismiss.

## BACKGROUND

On May 6, 2026, Appellees'/Cross Appellants filed a motion to dismiss Christians' appeal for failing to file a timely brief. This Court ordered Christians to respond to the motion to dismiss by June 22, 2026. Christians filed a response on June 24, 2026, two days late. Appellees/Cross Appellants filed a motion to strike the untimely filing and an alternative reply to Christians' opposition to the motion to dismiss on June 30, 2026.

After Appellees/Cross Appellants' motion and reply had already been filed, Christians filed a corrected response to the motion to dismiss on June 30, 2026. On July 1, 2026, a clerk from the Eighth Circuit contacted Appellees/Cross Appellants regarding Christians' corrected response. Affidavit of Miiller. It was Appellees'/Cross Appellants' understanding from the conversation that we were being given the option to either 1) reply anew to the

3

corrected response; or 2) rely upon the original motion to strike and reply to opposition to motion to dismiss that had already been filed on June 30, 2026. Affidavit of Miiller. Appellees/Cross Appellants informed the clerk that we had not yet reviewed Christians' corrected response and asked for time to do so before making an election. Affidavit of Miiller. It was Appellees'/Cross Appellants' further understanding from this conversation that we were to wait to review the corrected response until the clerk finished "cleaning up the docket." Affidavit of Miiller.

On the afternoon of July 1, 2026, Appellees/Cross Appellants were again contacted by a clerk from the Eighth Circuit. Affidavit of Miiller. It was Appellees'/Cross Appellants' understanding from this communication that all work had been completed on the docket and that, if Appellees/Cross Appellants intended to rely upon the originally filed motion to strike and reply to opposition to the motion to dismiss, that it should be refiled in case 26-1168 and also should be filed in case 26-1343. Affidavit of Miiller. Appellees/Cross Appellants took this to mean that this was to be done as part of the docket clean up the clerk was conducting, and not that the original filing was deficient under the Federal Rules of Appellate Procedure or that it was an Order of the Court. Affidavit of Miiller.

On July 2, 2026, Appellees/Cross Appellants reviewed Christians' corrected response and determined we would rely upon the motion to strike and reply to Christians' opposition to the motion to dismiss that was originally

4

filed on June 30, 2026.  Affidavit of Miiller.  Counsel then left the office for the long holiday weekend.  Affidavit of Miiller.

Upon returning to the office after the holiday, on July 8, 2026, Appellees/Cross Appellants re-filed the exact same motion to strike and reply to Christians' opposition to the motion to dismiss that was filed on June 30, 2026 in case 26-1168, and also filed the same in case 26-1343.  Affidavit of Miiller.  Appellees/Cross Appellants believed they were doing so at the request of the clerk to assist with docket cleanup and not due to a prior filing deficiency.  Affidavit of Miiller.

Appellees/Cross Appellants were contacted by the clerk again on July 13, 2026, and instructed to file a motion for leave to file the previously referenced filings, which led to the present motion.  Affidavit of Miiller.

**ANALYSIS**

Initially, it is unclear whether Federal Rule of Appellate Procedure 26(b) applies in this situation.  Federal Rule of Appellate Procedure 26(b) provides, in pertinent part, "[f]or good cause, the court may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires."  Fed. R. App. P. 26(b).  Appellees/Cross Appellants were unable to locate a procedural rule requiring refiling of a previously filed motion or that the motion to dismiss Christians' appeal in case 26-1168 also be filed in the cross-appeal.  *See* Fed. R. App. P. 26(b) (stating "the court may extend the time prescribed by these rules[.]").  While Appellees/Cross Appellants are happy to assist in any way we can with maintaining a clean

5

docket, we were completely unaware that this assistance would lead to negating the exact same filing that was timely made on June 30, 2026. Further, Appellees/Cross Appellants did not believe that our assistance with docket maintenance constituted an Order of the Court. *See* Fed. R. App. P. 26(b) (stating "the court may extend the time prescribed . . . by its order[.]"). Nor were there time limits attached to the clerk's request.

Assuming that the Court applies Federal Rule of Appellate Procedure 26(b) in this situation, Appellees/Cross Appellants maintain that good cause exists to extend the time. This Court has had occasion to review the good cause standard in other contexts. "A showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996) (citing *Lujano v. Omaha Public Power Dist.*, 30 F.3d 1032, 1035 (8th Cir.1994)). Regarding excusable neglect, "the Supreme Court has held that 'the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Gibbons v. United States*, 317 F.3d 852, 854 (8th Cir. 2003). The relevant circumstances include "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

Here, the danger of prejudice and the length of delay both cut in favor of Appellees/Cross Appellants. As evidenced by prior filings, Appellees/Cross

Appellate Case: 26-1168    Page: 6    Date Filed: 07/14/2026 Entry ID: 5660853

Appellants are very motivated to achieve a timely resolution in this matter.  It is more than regrettable that Appellees'/Cross Appellants' misunderstanding has resulted in another two-week delay.

As to the remaining factors, the reason for delay and good faith, these also cut in favor of granting the motion.  Appellees/Cross Appellants genuinely believed that we were assisting the clerk with docket maintenance by refiling our originally filed reply in case 26-1168.  Had we known that the Court would not acknowledge that it was originally filed on June 30, 2026, we would not have done so.  And as to the duplicate filing in case 26-1343, again, Appellees/Cross Appellants genuinely believed this was an administrative matter and that the June 30, 2026 filing in case 26-1168 had been properly filed and preserved.

**CONCLUSION**

For the reasons stated herein, Appellees/Cross Appellants respectfully request this Court to grant leave to file their motion to strike and reply to opposition to motion to dismiss.

Dated this 14th day of July, 2026.

*/s/ Amanda Miiller*
Amanda Miiller
Deputy Attorney General
1302 East SD Highway 1889, Suite 1
Pierre, South Dakota 57501-8501
Telephone: (605) 773-3215
Amanda.Miiller@state.sd.us

7

## CERTIFICATE OF COMPLIANCE

1.   I certify that this document contains 1,758 words.

2.   I certify that the word processing software used to prepare this document is Microsoft Word 365, and it is herewith submitted in PDF format.

3.   I certify that this document has been scanned for viruses and that the document is, to the best of my knowledge and belief, virus free.

*/s/ Amanda Miiller*
Amanda Miiller
Deputy Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July, 2026, I electronically filed the Motion to Strike and Reply to Opposition to Motion to Dismiss with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.

*/s/ Amanda Miiller*
Amanda Miiller
Deputy Attorney General

Appellate Case: 26-1168     Page: 8     Date Filed: 07/14/2026 Entry ID: 5660853